# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS-6

Los Angeles Sup.Court
cc order, docket, remand letter
BC 412583

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** CV 09-08783 SJO (AGRx)     **DATE:** December 15, 2009

**TITLE:** T3 Micro, Inc. v. SGI Co., Ltd., et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                  Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING TO STATE COURT**

This matter is before the Court on Defendants SGI Co., Ltd., formerly known as Shin Woo Good Item ("SGI"), and Hair Technic's ("Hair Technic") (collectively, "Defendants") Notice of Removal, filed November 30, 2009. (*See* Notice of Removal.)  For the following reasons, this action is **REMANDED** to state court.

On April 27, 2009, Plaintiff T3 Micro, Inc. (Plaintiff") filed its Complaint in the Superior Court of the State of California for the County of Los Angeles. (*See generally* Compl.)  Defendant SGI was served on April 27, 2009. (*See* Notice of Removal Ex. C.)  On August 21, 2009, Plaintiff filed its First Amended Complaint ("FAC"). (See *generally* FAC.)  In general, defendants must file a notice of removal within thirty days after receipt of the first pleading in the state action that sets forth a removable claim.  28 U.S.C. § 1446(b).  In the instant action, the face of the pleading triggered the thirty day removal period.  *See* 28 U.S.C. § 1446(b).  Most courts, including this Court, hold that the thirty day removal period runs for all defendants from the date the first of the defendants is served with the original complaint, which in this instance, was on April 27, 2009.  *See United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (holding that the "first-served" rule has been adopted by a majority of courts).

The burden is on Defendants to establish that removal is timely.  Defendants' Notice of Removal was filed more than thirty days after the Complaint and FAC were each filed in state court.  Defendants have not established that they were not either served, or put on notice of the filing of the Complaint and/or the FAC less than thirty days from the date of filing Notice of Removal.  Accordingly, this Action is **REMANDED** to state court for failure to timely remove.  *Id.*

IT IS SO ORDERED.